UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAURICE BISHOP, | ) | 1:10-cv-00065-AWI-SMS-PC |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF |
| vs. | ) ) | ACTION FOR FAILURE TO STATE A CLAIM |
| H. A. RIOS, et al., | ) ) | OBJECTIONS, IF ANY, DUE IN THIRTY |
| Defendants. | ) ) ) | (30) DAYS |

Plaintiff, Rafael Lopez ("plaintiff"), is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed the complaint on January 13, 2010. (Doc. 1.)

**I.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II.  SUMMARY OF COMPLAINT

Plaintiff is a federal prisoner presently incarcerated at the United States Penitentiary in Atwater, California. The complaint, filed on January 13, 2010, names H. A. Rios, Jr. (Warden), J. McFadden (Regional Director), Harley Lappin (Director), and the Federal Bureau of Prisons as defendants. Plaintiff claims he should be given credit for time served from the date he was federally detained. Plaintiff requests as relief a judgment that under 18 U.S.C. § 3585(a), at the time a federal detainer is placed on a defendant or inmate, he or she is formally and legally in federal custody for purposes of accruing credit for time incarcerated to be applied toward the federal sentence.

## III.  HABEAS CORPUS

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

In the complaint, plaintiff clearly challenges the legality or duration of his federal custody. Plaintiff, a federal prisoner, claims that he should be given credit for time served beginning with the date

he had a federal detainer placed on him, whether by arrest, indictment, or other federal custody by which he could not be released without approval from federal authorities. He seeks as relief a judgment that under 18 U.S.C. § 3585(a), at the time a federal detainer is placed on a defendant or inmate, he or she is formally and legally in federal custody for purposes of accruing credit for time incarcerated to be applied toward their federal sentence. Success in this action would necessarily demonstrate the invalidity of confinement or its duration. Therefore, plaintiff's sole federal remedy is a writ of habeas corpus, and the court should dismiss the claim without prejudice.

## IV. CONCLUSION

The court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under section 1983. The court also finds that the deficiencies in the complaint are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Therefore, based on the foregoing analysis, the court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 18, 2010**          /s/ Sandra M. Snyder
                                                                  UNITED STATES MAGISTRATE JUDGE

3