# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE LEONARD BISHOP,<br><br>Plaintiff,<br><br>v.<br><br>H.A. RIOS, JR., et al.,<br><br>Defendants. | Case No. 1:10-cv-00065-AWI-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT<br><br>(Doc. 11) |

Plaintiff Maurice Leonard Bishop is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On January 13, 2010, Plaintiff filed a complaint seeking time credit calculated from the date of his federal detainer, pursuant to the provisions of 18 U.S.C. § 3584(a). On February 19, 2010, the Magistrate Judge recommended that Plaintiff's Bivens claim be dismissed since when a prisoner questions the legality or duration of his custody, the only remedy available under federal law is a petition for habeas corpus. The District Judge filed an order adopting the findings and recommendations on April 16, 2010.

On June 8, 2010, explaining that his relocation to a new prison had delayed his receipt of the findings and recommendations, Plaintiff filed objections, contending that his claim was properly brought as a *Bivens* action since he did not seek an adjustment of his term of imprisonment, but

simply the determination of the proper onset date of the sentence.  The Court will consider Plaintiff's motion as seeking relief from judgment under F.R.Civ.P. 60(b)(1) based on mistake and excusable neglect.

Plaintiff argues that the Court misunderstood the nature of his claim.  It did not.  As discussed in the findings and recommendations, determining the date on which Plaintiff began to accrue credit toward his federal sentence of imprisonment necessarily demonstrates the invalidity of the sentence or duration.  This is because calculating the days on which Plaintiff must be imprisoned from the date of his federal detainer, instead of from whatever date authorities presently calculate the length of Plaintiff's federal sentence, would necessary change Plaintiff's release date, and thus, the duration of his sentence.  The Court properly concluded that it could only address this legal question in response to a petition for habeas corpus.  *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied*, 498 U.S. 1126 (1991).  Thus, the Court was required to dismiss the *Bivens* action.

Plaintiff's motion for reconsideration, denominated as objections to the findings and recommendations, is hereby DENIED.

IT IS SO ORDERED.

Dated:   **April 16, 2014**                        **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE